**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DWAYNE THORNTON,
    Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0752-09-0224-I-1

DATE: February 26, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Willie Abston, Esquire, Flowood, Mississippi, for the appellant.

Johnston Walker, Esquire, Jackson, Mississippi, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2      The agency removed the appellant after he was found unfit for duty based on a psychological examination. Initial Appeal File (IAF), Tab 7 at 40, 42-43, 56, 58-60, 62-63. The appellant filed this appeal challenging this action. IAF, Tab 1 at 2-4. The administrative judge held a hearing on March 12, 2009, at which time the parties entered into an oral settlement agreement on the record. Hearing Compact Disc. Per the terms of the settlement agreement, if the appellant's disability retirement application was approved by the Office of Personnel Management (OPM), the appellant would withdraw his appeal with prejudice. *Id.* In his March 13, 2009 initial decision, the administrative judge found that the Board had jurisdiction and that the settlement agreement was valid, and thus he dismissed the appeal as settled. IAF, Tab 16, Initial Decision (ID) at 1-2.

¶3      OPM denied the appellant's disability retirement application on October 7, 2009. *Thornton v. Office of Personnel Management*, MSPB Docket No. AT-844E-10-0156-I-1 (0156 appeal), Initial Decision at 1 (Feb. 19, 2010). The appellant filed an appeal of this denial and the administrative judge reversed OPM's decision. *Id.* at 1, 5-6. On December 16, 2012, the appellant filed a petition for review. *Id.*, Petition for Review (PFR) File, Tab 1 at 1-2. The Board issued a final order, dated September 26, 2013, dismissing the petition for review as untimely filed without good cause.[2] *Thornton v. Office of Personnel*

---

[2] In the final order for the 0156 appeal, the Board found that the appellant's petition for review was untimely filed regarding the initial decision for his OPM reconsideration decision claim. *Thornton v. Office of Personnel Management*, MSPB Docket No. AT-844E-10-0156-I-1, Final Order at 2 (Sept. 26, 2013). The Board noted in the final order that the appellant challenged his removal in his petition for review but that he had not filed a petition for review of the initial decision regarding his removal appeal. *Id.*

*Management*, MSPB Docket No. AT-844E-10-0156-I-1, Final Order at 1-3 (Sept. 26, 2013).

¶4    In the instant appeal, the Board received the appellant's petition for review on September 30, 2014. PFR File, Tab 2 at 1. However, the appellant alleges that he mailed his petition for review on June 6, 2014. PFR File, Tab 1 at 1. The agency has responded to the appellant's petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review is untimely and the appellant has failed to show good cause to waive the filing deadline.

¶5    The appellant challenges the underlying removal that led to the settlement agreement. PFR File, Tab 1 at 2-11. Specifically, he argues that he was misdiagnosed with paranoid personality disorder and, as a result of the misdiagnosis, he was improperly removed as a police officer. *Id.* at 10-11; *see* IAF, Tab 7 at 36, 42 (reflecting the basis for the appellant's removal). The appellant submitted a February 9, 2012neuropsychological evaluation, which stated that it "failed to find any evidence of any personality disorder." PFR File, Tab 1 at 14-15.

¶6    An attack on the validity of a settlement agreement must be made in the form of a petition for review of the initial decision dismissing the case as settled. *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶ 8 (2009). A petition for review must be filed within 35 days after the issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The Board presumes that mail delivery may reasonably be expected to take 5 days. *Lynch v. Office of*

at 3. Therefore, the Board informed the appellant that he had the right to file a petition for review. *Id.* However, he was advised that any such filing must comport with the Board's timeliness regulation concerning petitions for review. *Id.*

*Personnel Management*, [79 M.S.P.R. 437](link), ¶ 8 (1998). Nothing in the record suggests that the appellant received the March 13, 2009 initial decision more than 5 days after it was issued.

¶7    Even if we were to give the appellant the benefit of the doubt and find that the date of his petition for review was June 6, 2014, it would still be untimely. Based on the date of the initial decision, the petition for review would be over 5 years late. *See* PFR File, Tab 1 at 1; ID at 1-3.

¶8    The Clerk of the Board informed the appellant that his petition for review appeared to be untimely and afforded him an opportunity to show good cause for the apparently untimely filing. PFR File, Tab 2 at 1-2. However, the appellant has not responded to the Clerk's notice.

¶9    The Board will waive its filing deadline upon a showing of good cause. *Ross v. Department of Justice*, [73 M.S.P.R. 211](link), 213, *aff'd*, 129 F.3d 134 (Fed. Cir. 1997) (Table). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.* Further, the Board has held that the discovery of new evidence may constitute good cause for waiver of the Board's filing deadline if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant an outcome different from that of the initial decision. *Chambers v. Department of the Army*, [66 M.S.P.R. 122](link), 123 (1995).

¶10    On petition for review, the appellant alleges that the evidence of the February 9, 2012 neuropsychological examination was not "available until well after the hearing." PFR File, Tab 1 at 3. However, he offers no explanation for why he filed the petition for review over 2 years after the date of the evaluation. *See* PFR File, Tab 1 at 1, 10, 12. Thus, he has not shown good cause for his untimely filing. *See Mitchell v. Broadcasting Board of Governors*, [107 M.S.P.R. 8](link), ¶ 8 (2007) (the appellant did not establish good cause for her untimely petition for review because she did not offer any explanation for her untimeliness);

*McVicker v. Social Security Administration*, 77 M.S.P.R. 324, 328 (1997) (because the appellant did not timely respond to the Clerk's notice and did not explain why he waited at least 2 months to file his petition for review after he became aware of the alleged new evidence, the Board dismissed the appellant's petition for review).

¶11     Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.